IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  07-cv-00425-WYD-BNB

ROBERT E. SUTTON;
WK CAPITAL ADVISORS, INC.;
CENTRIX CONSOLIDATED, LLC; and
CENTRIX CAPITAL MANAGEMENT, LLC;

     Plaintiffs,

v.

EVEREST NATIONAL INSURANCE COMPANY, an Arizona Corporation; and
EVEREST REINSURANCE COMPANY, a Delaware Corporation,

     Defendants.

---

**ORDER**

---

I.    INTRODUCTION

THIS MATTER is before the Court on the Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer Venue, filed March 23, 2007 (docket #12) by Defendants Everest National Insurance Company ("Everest National") and Everest Reinsurance Company ("Everest Re") (collectively "Everest").  A hearing on the motion took place August 17, 2007.  For the reasons stated on record in the hearing and in this Order, the motion to dismiss is GRANTED.

II.    BACKGROUND

Plaintiffs, all residents of Colorado, initiated this action against the Everest Defendants, both of whom are Delaware corporations having their principal places of business in New Jersey, seeking a declaration of Plaintiffs' rights, status and legal

relations under the certain Guaranty Agreements. Am. Comp. at 2. Plaintiffs initially filed this matter in Arapahoe County District Court on February 1, 2007. Defendants filed a Notice of Removal on March 2, 2007. According to the allegations in the First Amended Complaint, Plaintiff Sutton was an officer and owner of Centrix Financial, LLC ("Centrix"), which at all times material, was engaged in the servicing and underwriting of sub-prime automobile loans. Am. Comp. at ¶¶ 10-11. In April, 2003, Centrix began negotiating an agreement with Everest to provide insurance to protect against defaults by auto loan borrowers. Am. Comp. at ¶¶ 12-17. Everest also entered into an Excess of Loss Reinsurance Agreement with Founders Insurance Company Ltd. ("Founders") for protection from covered losses that exceeded a prescribed limit. Am. Comp. at ¶ 27. During negotiations with Centrix, Everest demanded that Plaintiff Robert Sutton execute a Personal Guaranty. Am. Comp. at ¶¶ 18-19, 24, 27-28. The Sutton Personal Guaranty, and other Guaranty Agreements executed by the other corporate Plaintiffs (collectively the "Guaranty Agreements"), provide that Sutton and the other corporate guarantors, jointly and severally, will guarantee all of Founders' obligations to Everest under the Reinsurance Agreement. Am. Comp. at ¶¶ 30; Mtn. Exs 4-6.

On January 30, 2007, Everest made a demand on Founders to deposit $76,262,632 into the Everest Trust Account, pursuant to the terms of the Reinsurance Agreement. Mtn. at 4-5; Ex 9. When Founders refused, Everest sent a letter to Sutton on January 31, 2007, demanding that he confirm by February 1, 2007, that he will "immediately deposit assets into the Trust Account in the Amount of $76,262,632.00." Mtn. at 5; Ex. 10. Plaintiff did not respond to the demand but instead, filed the instant

suit on February 1, 2007, seeking a declaration that (1) the Personal Guaranty is not enforceable because Sutton's signature was procured through fraud and duress by Defendants, and (2) that Plaintiffs are not liable to Defendants under any of the Guaranty Agreements. Am. Comp. at ¶¶ 51-54. On February 7, 2007, Everest filed a Complaint to enforce the Guaranty Agreements in United States District Court for the District of New Jersey. Sutton later filed a First Amended Complaint in this action on March 9, 2007, in which he added WK Capital Advisors, Inc., Centrix Consolidated, LLC, and Centrix Capital Management, LLC as Plaintiffs, and added claims for Fraud in the Inducement and Duress.[1]  Am. Comp. at ¶¶ 35-50.

### III.     ANALYSIS OF PENDING MOTIONS

In the pending motion to dismiss, Defendants request that I dismiss the First Amended Complaint in favor of a breach-of-contract action pending in the United States District Court for the District of New Jersey or, alternatively, transfer this matter to that court pursuant to 28 U.S.C. § 1404(a).

#### A.     Dismissal Under the Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of an interested party seeking such declaration, whether or not further relief could be sought."  28 U.S.C. § 2201.

---

[1]Defendants initially filed a Motion to Dismiss or, in the Alternative, to Transfer Venue, on March 9, 2007 (docket #6). After Plaintiff filed the First Amended Complaint March 9, 2007, Defendants then filed the instant motion to dismiss the Amended Complaint.

"The declaratory judgment statute is an enabling Act and confers discretion on the court rather than an absolute right upon the litigant." *Bleakly v. Aurora*, 679 F. Supp. 1008, 1009 (D. Colo. 1988) (citing *Public Serv. Comm'n v. Wycoff Co.*, 244 U.S. 237, 241, 73 S.Ct. 236, 239 (1952)).  A district court "is not obliged to entertain every justiciable declaratory claim brought before it," for while the Declaratory Judgment Act "'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (quoting *Pub. Affairs Assoc., Inc. v. Rickover*, 369 U.S. 11, 112, 82 S.Ct. 580, 581 (1962)) *see also Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175 (1942).

When deciding whether to dismiss a declaratory judgment action, a district court should consider:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race to *res judicata*; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; (5) whether there is an alternative remedy which is better or more effective.

*State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994).

Here, Defendants assert that Everest is the party that has sustained damages in this matter, and that by filing this lawsuit, Plaintiffs have improperly reversed the position of the parties.  Defendants also note that New Jersey is the venue

contemplated by the parties in the Guaranty Agreements, which provide that they shall be governed and construed in accordance with New Jersey law, and that any action arising out of the Guaranty "may be commenced in state or federal court in any county in the State of New Jersey." Mtn. at 4; Exs 4-6 at 5.  In addition, Defendants contend that the New Jersey case will resolve all of the issues presented here, as well as Everest's claim for damages.  Finally, Defendants assert that Sutton filed this Declaratory Judgment action as an improper "race to the courthouse" in direct response to Everest's demand.

Plaintiffs respond that this action has priority as the "first-filed" action.  At the hearing, Plaintiffs admitted that this case was filed in response to Everest's demand and in anticipation of Everest's suit in New Jersey, but contend that the action was not improperly filed because subject matter and personal jurisdiction are proper in this Court.  Plaintiffs also maintain that this case involves more than a request for declaratory judgment, and notes that they are seeking injunctive relief, damages based on fraud and duress, and attorney's fee.

As an initial matter, I am not persuaded by Plaintiffs' contention that this is not a declaratory judgment suit.  It is clear from the allegations in the original Complaint, styled 'Complaint for Declaratory and Injunctive Relief,' that the primary relief sought by Plaintiffs in this suit is a declaration of their rights with respect to the Guaranty Agreements.  Plaintiffs claims for fraud and duress, added in the First Amended Complaint, are not independent claims, but are intertwined with their argument that the Guaranty Agreements are not enforceable.  Plaintiffs concede that I have discretion to


determine whether to hear this declaratory judgment suit.

In addition, I find that Plaintiffs are not entitled to the presumption usually afforded the party who "files first." The "first-to-file rule," permits a district court to decline jurisdiction where a complaint raising the same issues against the same parties has previously been filed in another court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). However, "[a] district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." *Buzas Baseball, Inc. v. Bd. of Regents*, 189 F.3d 477 *3 (10th Cir. 1999) (unpublished) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *see also Qwest Communications Int'l, Inc. v. Thomas*, 52 F.Supp.2d 1200, 1206 (D. Colo. 1999).

Here, I find that Plaintiffs filed the instant case in direct response to Everest's demand, and an improper "race-to-the-courthouse in anticipation of the filing of a breach-of-contract in New Jersey. This conclusion is supported by the timing of the filing, the nature of the action, and the fact that the Guaranty Agreements contain a permissive forum clause naming New Jersey as an appropriate forum. While this Court may have personal jurisdiction over the parties, and subject matter jurisdiction over the controversy, declaratory judgment suits are disfavored when an affirmative suit presenting the same issues is also pending. *Qwest Communications Int'l,* 52 F.Supp.2d at 1206; *see also St. Paul Fire and Marine Ins. Co. v. Runyon*, 53 F.3d 1167, (10th Cir. 1995).

Because I find that this action is an improper anticipatory declaratory judgment suit, and because the New Jersey involves the same parties and issues, and because the New Jersey Court is perhaps in a better position to construe the Guaranty Agreements pursuant to New Jersey law, I find that New Jersey is the preferred forum. Therefore, I exercise my discretion and decline to hear this declaratory judgment suit.

Because I have decided to dismiss this case in favor of the breach-of-contract action currently pending in the United States District Court for the District of New Jersey, I need not address Defendants' alternative argument that I should transfer venue of this action to New Jersey pursuant to 28 U.S.C. § 1404(a).

IV.   CONCLUSION

Accordingly, it is hereby

ORDERED that the Motion to Dismiss the Amended Complaint or, in the Alternative, to Transfer Venue, filed March 23, 2007 (docket #12) is **GRANTED**, and this case is **DISMISSED**.  It is

FURTHER ORDERED that Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue, filed March 9, 2007 (docket #6) is **DENIED AS MOOT**.

Dated:  August 23, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge